IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| In Re: | : |
| | :     Chapter 7 |
| ALPHA PROTECTIVE SERVICES, INC., | : |
| | :     Case No. 12-70482-JTL |
| Debtor. | : |
| | :     Ad. Proc. 14-7017 |
| NEIL C. GORDON, Trustee, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| AMERICAN PAWNSHOP, INC., as an Initial Transferee or as Immediate Transferee; ALPHA CONSULTING ENGINEERS, LLC, f/k/a ALPHA CONSTRUCTION & ENGINEERING, LLC f/k/a APS-EAC, LLC, as Initial Transferee or as conduit to American Pawn Shop, Inc., | : |
| | : |
| Defendants | : |

**DEFENSES AND RESPONSIVE PLEADINGS OF AMERICAN PAWNSHOP, INC. TO PLAINTIFF'S COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 548, 547, 544, 549(a), 550(a)(1) and 550(a)(2)**

COMES NOW, AMERICAN PAWNSHOP, INC., and respectfully shows the Court the following:

**RESPONSIVE PLEADINGS**

1.

Defendant admits Paragraphs 1 through 7 of the Complaint.

2.

Defendant denies Paragraph 8 of the Complaint.

3.

Defendant is without sufficient knowledge to admit or deny Paragraphs 9 through 14 of the Complaint.

4.

Defendant denies Paragraph 15 of the Complaint.

5.

Defendant is without sufficient knowledge to admit or deny Paragraph 16 of the Complaint.

6.

Defendant denies Paragraph 17 of the Complaint to the extent that the Complaint that alleges the Defendant is an insider.  Plaintiff and Defendant, from time to time, engaged in arms-length secured loans. David Hufstetler refutes Plaintiff's claim that he is a "close personal friend" of Brinson.

7.

Defendant denies Paragraphs 18 and 19 of the Complaint. Plaintiff and Defendant entered into an arms-length secured transaction.

8.

Defendant denies Paragraphs 20 and 21 of the Complaint.

## **COUNT ONE**

9.

Defendant denies Paragraph 22 of the Complaint. Plaintiff and Defendant entered into an arms-length secured transaction. The value of the collateral released to Plaintiff as a result of payment to Defendant exceeded the sums paid to Defendant.

## COUNT TWO

10.

Defendant denies Paragraph 23 of the Complaint. Plaintiff and Defendant entered into a an arms-length secured transaction. The value of the collateral released to Plaintiff as a result of payment to Defendant exceeded the sums paid to Defendant.

## COUNT THREE

11.

Defendant admits Paragraph 24 of the Complaint.

12.

Defendant denies Paragraphs 25 and 26 of the Complaint insofar as it applies to Defendant.

13.

Paragraph 27 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT FOUR

14.

Paragraph 28 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT FIVE

15.

Paragraph 29 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT SIX

16.

Paragraph 30 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

17.

Any allegations not hereinbefore specifically admitted are specifically denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant shows that any otherwise avoidable transfer was intended by Plaintiff and Defendant to be a contemporaneous exchange for new value given to Plaintiff and, in fact, was a substantially contemporaneous exchange for the purposes of 11 U.S.C. §547(c)(1).

### THIRD DEFENSE

Defendant shows that any otherwise avoidable transfer was (1) made in repayment of a debt incurred by Plaintiff in the ordinary course of business or financial affairs of Plaintiff and Defendant, (2) made in ordinary course of business or financial affairs of the Plaintiff and Defendant, and (3) made according to ordinary business terms for purposes of 11 U.S.C. §547(c)(2).

## FOURTH DEFENSE

Defendant shows that any otherwise avoidable transfer may not be avoided on the grounds that, pursuant to 11 U.S.C. §547(c)(4), after such transfer Defendant gave new value to or for the benefit of Plaintiff, which value was not secured by an otherwise unavoidable security interest and did not cause Plaintiff to make an otherwise unavoidable transfer to Defendant.

## FIFTH DEFENSE

The alleged transfer should not be avoided in the interest of equity.

## SIXTH DEFENSE

Defendant hereby expressly reserves the right to any and all other defenses revealed by discovery in this Adversary Proceeding or any further investigation by Defendant.

WHEREFORE, Defendant respectfully requests that the Court:

(a) Deny Plaintiff's request for relief;
(b) Dismiss the Adversary Proceeding;
(c) Cast costs against Plaintiff;
(d) Award any other and further relief that the Court deems just.

Respectfully submitted this 2nd Day of May, 2014.

/S/ Karl E. Osmus
Karl E. Osmus
Attorney for Defendant
Ga. Bar No. 555129
1010 Williams Street
Valdosta, GA 31601
(229) 257-0080
karlosmus@aol.com