IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| IN RE: : | |
| ALPHA PROTECTIVE SERVICES, INC., : | Case No. 12-70482 |
| Debtor. : | Chapter 7 |

| | |
|---|---|
| NEIL C. GORDON, as Trustee in Bankruptcy : | |
| for Alpha Protective Services, Inc., : | |
| Plaintiff, : | |
| v. : | Adversary Proceeding |
| : | No. _____ |
| AMERICAN PAWN SHOP, INC., as an : | |
| Initial Transferee or as Immediate Transferee; : | |
| ALPHA CONSULTING ENGINEERS, LLC, : | |
| f/k/a ALPHA CONSTRUCTION & : | |
| ENGINEERING, LLC f/k/a APS-AEC, LLC, : | |
| as Initial Transferee or as conduit to : | |
| America Pawn Shop, Inc., : | |
| Defendants. : | |

## COMPLAINT

COMES NOW **Neil C. Gordon, as Trustee in Bankruptcy for Alpha Protective Services, Inc. (herein "Plaintiff" or "Trustee"),** and brings the within Adversary Proceeding against American Pawn Shop, Inc., as an Initial Transferee or as Immediate Transferee; Alpha Consulting Engineers, LLC, f/k/a Alpha Construction & Engineering, LLC f/k/a APS-AEC, LLC, as Initial Transferee or as conduit to **America Pawn Shop, Inc.,** and says for cause shows the following:

### JURISDICTION

1.

The U.S. District Court has jurisdiction pursuant to 28 U.S.C. §1334 (b) as all claims herein arise under Title 11 of the U.S. Code.

2.

This Court exercises this Jurisdiction pursuant to the standing order of reference entered pursuant to 28 U.S.C. § 157(a).



3.

The matters herein are such as to make this a "core proceeding" which this Court may hear and determine pursuant to 28 U.S.C. §157 (b)(2)(F), (H), (O).

4.

The claims put forth in the Adversary Proceeding in Counts One, Two, Four, Five and Six are such as to make it to be within the parameters for this Court to make final determination, as such parameters have been set by the United States Supreme Court in Stern v. Marshall, 131 S.Ct. 2594 (2011).

5.

The claims asserted in the remaining Count (Count Three), although a "core proceeding" matter, may fall outside the parameters within which this Court may make final determination under Stern v. Marshall, and may be required to be referred to the District Court for final determination.

## PARTIES AND MATERIAL NON-PARTIES

6.

Alpha Protective Services, Inc. ("Debtor") is a Georgia Corporation and is a Chapter 7 Debtor, which filed a voluntary Chapter 11 bankruptcy case on April 12, 2012, and whose case was converted to a Chapter 7 bankruptcy case on December 20, 2012, so that the Debtor continues as a Chapter 7 Debtor in a pending Chapter 7 bankruptcy case.

7.

Neil C. Gordon ("Trustee" or "Plaintiff") is the Court appointed Chapter 7 trustee for the Debtor's estate, having been appointed as such on or about December 20, 2012.

8.

Jeffrey B. Brinson ("Brinson") is the Chief Executive Officer and sole shareholder of the Debtor. Brinson is himself a debtor in a Chapter 7 bankruptcy case which is pending *sub nom* In re Brinson, 12-70958 (B.C. Middle District of Georgia, 2012). There has been no grant or denial of discharge in that case so Brinson's automatic stay continues in place. Trustee, on behalf of Alpha, is a claim holder in that case. Trustee is stay barred to join Brinson as a party to this adversary proceeding.

9.

Bank of America ("BOA") was the Debtor's primary lender and secured creditor prior to the filing of the Chapter 11 case, on April 12, 2012. Alpha had a number of bank accounts, some with BOA and some not, but as is relevant to the allegations of this Adversary Proceeding there were two:

    (a)    the Debtor maintained BOA account number XXX-XXX-9699, as a Debtor-in-Possession general operating account (herein "DIP Account");

    (b)    the Debtor maintained BOA account number XXXX-XXXX-9699, as a pre-petition general operating account (herein "GOA account").

BOA had a security interest in each of these accounts and under the terms of the various cash collateral accounts had rights in the DIP account as secured by replacement funds.

10.

APS-AEC, LLC is a Georgia limited liability company, formed on July 1, 2011. APS-AEC, LLC changed its name to Alpha Construction & Engineering, LLC on March 28, 2012. Then again on June 1, 2012, Alpha Construction & Engineering, LLC changed its name to Alpha Consulting Engineers, LLC (herein "ACE"). ACE is a Georgia limited liability company, which was registered for business on July 1, 2012, and has its principal place of business as P.O. Box 6098, Thomasville, Georgia, 31758-6098, and whose present registered agent for service of process is Richard Singletary, 163 Old Highway 84 West, Boston, Georgia 31626. ACE's previous and original registered agent was Kristin R. Horne, Brinson's daughter. Trustee alleges on best information and belief that ACE was formed by Brinson and, at material times. is wholly or partially owned by Brinson and is and was controlled by Brinson.

11.

By March 31, 2012, twelve days prior to case filing, judgment creditors and tax lien holders had made it impossible for Alpha to transact business through its own bank accounts. Alpha began to use ACE accounts as a conduit so that Alpha made payments to Alpha's creditors and also transfers of cash to insiders that were fraudulent. Debtor operated, through the *sub nom* of "APS-AEC, LLC", and an Ameris Bank account number XXX-XX-9650 ("ACE account"). BOA was unaware of this account prior to the day of case filing, and had no security interest therein.

12.

Specifically, and pertinently, a total of $514,392 worth of disbursements were made from this account to various creditors and insiders in the first 12 days of April, 2012, prior to and including the day of case filing, April 12, 2012.

13.

Included among these disbursements were $264, 276.11 worth of cashiers checks purchased by Alpha from Alpha funds withdrawn from the ACE account.

14.

Debtor actually used and reported the ACE account as a Debtor-in-Possession account after the case was filed, changing the name of the account, on its checks from "APS-AEC LLC" to "Alpha Protective Services, Inc." The checks were not identified on their face as "Debtor-in-Possession" account checks in any way. This account would have been subject to a post-petition security interest under various cash collateral orders.

15.

Specifically and pertinently, after the filing of the case, on April 12, 2012, and to the end of the month, using this account established for ACE, Debtor made $694,853.13, in payments of ostensible obligations owed for payroll to employees, employee benefits for employees, and operating expenses to vendors, and an additional payment of $225,000 to Bank of America, the cash collateral secured creditor.

16.

Some of the checks issued prior to or on date of case filing, April 12, 2012, were not negotiated at Debtor's bank until after the case had been filed. Payment of none of these pre-petition obligations were authorized by the Court.

17.

American Pawn Shop, Inc. ("American Pawn" or "Defendant") is a pawn broker in Thomasville, Georgia, which is owned and operated by J. Steven Hufstetler, a close personal friend of Brinson, and American Pawn is an insider. American Pawn may be served with process care of its registered agent for service of process at J. Steven Hufstetler, 1306 A E. Jackson St., Thomasville, Georgia 31792.

## OPERATIVE FACTS

18.

On best information and belief the Debtor, or one or more of the employees of Debtor, borrowed $122,875.00 for use to pay payroll, and this was repaid out of a cash advance, either in cash or by cashier's check, from the ACE account on April 9, 2012. This payment is identified as "Repayment of payroll money".

19.

On best information and belief, the Debtor alleges that there existed no enforceable obligation in favor of Defendant against the Debtor, and that the payment was to Defendant but to the benefit of one or more of the Debtor's employees.

20.

Alternatively, if there was an enforceable obligation, this obligation was not entered into in the ordinary course of business, and the payment, on April 9, 2012, was the only such payment ever made to Defendant, and therefore also not in the ordinary course of business.

21.

There may have been other payments to Defendant (either out of the GOA account or the ACE account) which were payments on antecedent debts or without consideration, which are avoidable, and the Trustee so alleges hypothetically and on best information and belief that there were.

## **COUNT ONE**

FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

22.

Furthermore, each of the payments made to Defendant within two years of case filing, were made voluntarily by the Debtor and were such as the Debtor received less than equivalent value in exchange for such transfer or obligation, since the value passed to an employee of Debtor, and were made when the Debtor was insolvent. Such payments are subject to recovery as fraudulent under 11 U.S.C. § 548 in the amount of $122,875.00, and such amounts as may be proved at trial.

## COUNT TWO

PREFERENCE AVOIDANCE UNDER 11 U.S.C. § 547

23.

With respect to Defendant, the payment was made by the Debtor, and is subject to recovery as preferential, in the amount of $122,875.00, and such other amounts as may be proved at trial, since the payment was to or for the benefit of an employee of Debtor, for and on account of an antecedent debt, and made at a time when the Debtor was insolvent, and made within 90 days prior to case filing, such that the creditor would receive more than such creditor would receive if the case were a case under Chapter 7 of Title 11, the payments had not been made, and the creditor received payment of such debt to the extent provided by the provisions of Title 11.

## COUNT THREE

FRAUDULENT TRANSFER AVOIDANCE UNDER 11 U.S.C. § 544

24.

Under 11 U.S.C. § 544(a), Trustee has the rights and powers of a hypothetical creditor who extended creditor of the Debtor at the time of the commencement of the case, and who obtained at such time with respect to such creditor, a hypothetical judgment lien on all property on which a creditor on a simple contract could have obtained such a judicial lien.

25.

The Trustee has the rights of a hypothetical judgment lien creditor under Georgia law, and under Georgia law O.C.G.A. § 18-2-74(a)(2), the Trustee may avoid as fraudulent a transfer made without the debtor's having received reasonably equivalent value in exchange for the transfer at a time when the debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, and where the debtor reasonably believed or reasonably should have believed that it would incur debts beyond the debtor's ability to pay as they fall due.

26.

Alternatively, the Trustee, exercising Georgia law, O.C.G.A. § 18-2-75(a), exercising the rights of an actual lien creditor, whose claim arose before the transfer was made, the payments

faith transferee, so that all amounts recoverable against ACE herein above are also recoverable against Defendant personally, under 11 U.S.C. § 550(a)(2).

THEREFORE, the premises considered, Trustee prays for the following items of general and special relief:

a) that the Trustee recover preferential payments under, together with interest from date of filing of this Complaint in the amount set forth in Count One;

b) that the Trustee recover, alternative and cumulatively, the amount set forth in Count Two, for fraudulent transfers, together with interest from date of filing of this Complaint;

c) that, alternatively and cumulatively, the Trustee recover the amount set forth as fraudulent conveyances, in the amount set forth in Count Three;

d) that the Trustee recover, alternatively and cumulatively, the amounts determined under Count Four as unauthorized post-petition payments;

e) that the Trustee have recovery against Defendant under 11 U.S.C. § 550(a)(1) as an initial transferee;

f) that the Trustee have recovery against Defendant ACE, to the extent necessary to support a recovery against Defendant American Pawn Shop, Inc., under 11 U.S.C. § 550(a)(2);

g) that the Trustee have other general relief as to which equity doth appertain and by which justice would be served.

Respectfully submitted,

/s/ Fife M. Whiteside
FIFE M. WHITESIDE
Special Counsel for Trustee, Plaintiff
Ga. State Bar No. 756025

P. O. Box 5383
Columbus, Georgia 31906
706/320-1215
whitesidef@mindspring.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In Re: | : | |
| ALPHA PROTECTIVE SERVICES, INC., | : | Chapter 7 |
| | : | |
| Debtor. | : | Case No. 12-70482-JTL |
| | : | |
| NEIL C. GORDON, Trustee, | : | Ad. Proc. 14-7017 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN PAWNSHOP, INC., as an Initial Transferee or as Immediate Transferee; ALPHA CONSULTING ENGINEERS, LLC, f/k/a ALPHA CONSTRUCTION & ENGINEERING, LLC f/k/a APS-EAC, LLC, as Initial Transferee or as conduit to American Pawn Shop, Inc., | : | |
| | : | |
| Defendants | : | |

### DEFENSES AND RESPONSIVE PLEADINGS OF AMERICAN PAWNSHOP, INC. TO PLAINTIFF'S COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 548, 547, 544, 549(a), 550(a)(1) and 550(a)(2)

COMES NOW, AMERICAN PAWNSHOP, INC., and respectfully shows the Court the following:

### RESPONSIVE PLEADINGS

1.

Defendant admits Paragraphs 1 through 7 of the Complaint.

2.

Defendant denies Paragraph 8 of the Complaint.


EXHIBIT "2"

3.

Defendant is without sufficient knowledge to admit or deny Paragraphs 9 through 14 of the Complaint.

4.

Defendant denies Paragraph 15 of the Complaint.

5.

Defendant is without sufficient knowledge to admit or deny Paragraph 16 of the Complaint.

6.

Defendant denies Paragraph 17 of the Complaint to the extent that the Complaint that alleges the Defendant is an insider. Plaintiff and Defendant, from time to time, engaged in arms-length secured loans. David Hufstetler refutes Plaintiff's claim that he is a "close personal friend" of Brinson.

7.

Defendant denies Paragraphs 18 and 19 of the Complaint. Plaintiff and Defendant entered into an arms-length secured transaction.

8.

Defendant denies Paragraphs 20 and 21 of the Complaint.

## COUNT ONE

9.

Defendant denies Paragraph 22 of the Complaint. Plaintiff and Defendant entered into an arms-length secured transaction. The value of the collateral released to Plaintiff as a result of payment to Defendant exceeded the sums paid to Defendant.

## COUNT TWO

10.

Defendant denies Paragraph 23 of the Complaint. Plaintiff and Defendant entered into a an arms-length secured transaction. The value of the collateral released to Plaintiff as a result of payment to Defendant exceeded the sums paid to Defendant.

## COUNT THREE

11.

Defendant admits Paragraph 24 of the Complaint.

12.

Defendant denies Paragraphs 25 and 26 of the Complaint insofar as it applies to Defendant.

13.

Paragraph 27 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT FOUR

14.

Paragraph 28 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT FIVE

15.

Paragraph 29 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT SIX

16.

Paragraph 30 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

17.

Any allegations not hereinbefore specifically admitted are specifically denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant shows that any otherwise avoidable transfer was intended by Plaintiff and Defendant to be a contemporaneous exchange for new value given to Plaintiff and, in fact, was a substantially contemporaneous exchange for the purposes of 11 U.S.C. §547(c)(1).

### THIRD DEFENSE

Defendant shows that any otherwise avoidable transfer was (1) made in repayment of a debt incurred by Plaintiff in the ordinary course of business or financial affairs of Plaintiff and Defendant, (2) made in ordinary course of business or financial affairs of the Plaintiff and Defendant, and (3) made according to ordinary business terms for purposes of 11 U.S.C. §547(c)(2).

## FOURTH DEFENSE

Defendant shows that any otherwise avoidable transfer may not be avoided on the grounds that, pursuant to 11 U.S.C. §547(c)(4), after such transfer Defendant gave new value to or for the benefit of Plaintiff, which value was not secured by an otherwise unavoidable security interest and did not cause Plaintiff to make an otherwise unavoidable transfer to Defendant.

## FIFTH DEFENSE

The alleged transfer should not be avoided in the interest of equity.

## SIXTH DEFENSE

Defendant hereby expressly reserves the right to any and all other defenses revealed by discovery in this Adversary Proceeding or any further investigation by Defendant.

WHEREFORE, Defendant respectfully requests that the Court:

   (a) Deny Plaintiff's request for relief;
   (b) Dismiss the Adversary Proceeding;
   (c) Cast costs against Plaintiff;
   (d) Award any other and further relief that the Court deems just.

Respectfully submitted this 2nd Day of May, 2014.

/S/ Karl E. Osmus
Karl E. Osmus
Attorney for Defendant
Ga. Bar No. 555129
1010 Williams Street
Valdosta, GA 31601
(229) 257-0080
karlosmus@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| In Re: : | |
| ALPHA PROTECTIVE SERVICES, INC., : | Chapter 7 |
| Debtor. : | Case No. 12-70482-JTL |
| : | Ad. Proc. 14-7017 |
| NEIL C. GORDON, Trustee, : | |
| Plaintiff : | |
| v. : | |
| AMERICAN PAWNSHOP, INC., as an Initial : | |
| Transferee or as Immediate Transferee; ALPHA : | |
| CONSULTING ENGINEERS, LLC, f/k/a ALPHA : | |
| CONSTRUCTION & ENGINEERING, LLC f/k/a : | |
| APS-EAC, LLC, as Initial Transferee or as conduit : | |
| to American Pawn Shop, Inc., : | |
| Defendants : | |

**DEFENSES AND RESPONSIVE PLEADINGS OF AMERICAN PAWNSHOP, INC. TO PLAINTIFF'S COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 548, 547, 544, 549(a), 550(a)(1) and 550(a)(2)**

COMES NOW, AMERICAN PAWNSHOP, INC., and respectfully shows the Court the following:

**RESPONSIVE PLEADINGS**

1.

Defendant admits Paragraphs 1 through 7 of the Complaint.

2.

Defendant denies Paragraph 8 of the Complaint.


EXHIBIT "3"

3.

Defendant is without sufficient knowledge to admit or deny Paragraphs 9 through 14 of the Complaint.

4.

Defendant denies Paragraph 15 of the Complaint.

5.

Defendant is without sufficient knowledge to admit or deny Paragraph 16 of the Complaint.

6.

Defendant denies Paragraph 17 of the Complaint to the extent that the Complaint that alleges the Defendant is an insider. Plaintiff and Defendant, from time to time, engaged in arms-length secured loans. David Hufstetler refutes Plaintiff's claim that he is a "close personal friend" of Brinson.

7.

Defendant denies Paragraphs 18 and 19 of the Complaint. Plaintiff and Defendant entered into an arms-length secured transaction.

8.

Defendant denies Paragraphs 20 and 21 of the Complaint.

## COUNT ONE

9.

Defendant denies Paragraph 22 of the Complaint. Plaintiff and Defendant entered into an arms-length secured transaction. The value of the collateral released to Plaintiff as a result of payment to Defendant exceeded the sums paid to Defendant.

## COUNT TWO

10.

Defendant denies Paragraph 23 of the Complaint. Plaintiff and Defendant entered into a an arms-length secured transaction. The value of the collateral released to Plaintiff as a result of payment to Defendant exceeded the sums paid to Defendant.

## COUNT THREE

11.

Defendant admits Paragraph 24 of the Complaint.

12.

Defendant denies Paragraphs 25 and 26 of the Complaint insofar as it applies to Defendant.

13.

Paragraph 27 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT FOUR

14.

Paragraph 28 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT FIVE

15.

Paragraph 29 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

## COUNT SIX

16.

Paragraph 30 fails to state any factual basis for a claim against Defendant, and Defendant denies the allegation.

17.

Any allegations not hereinbefore specifically admitted are specifically denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant shows that any otherwise avoidable transfer was intended by Plaintiff and Defendant to be a contemporaneous exchange for new value given to Plaintiff and, in fact, was a substantially contemporaneous exchange for the purposes of 11 U.S.C. §547(c)(1).

### THIRD DEFENSE

Defendant shows that any otherwise avoidable transfer was (1) made in repayment of a debt incurred by Plaintiff in the ordinary course of business or financial affairs of Plaintiff and Defendant, (2) made in ordinary course of business or financial affairs of the Plaintiff and Defendant, and (3) made according to ordinary business terms for purposes of 11 U.S.C. §547(c)(2).

## FOURTH DEFENSE

Defendant shows that any otherwise avoidable transfer may not be avoided on the grounds that, pursuant to 11 U.S.C. §547(c)(4), after such transfer Defendant gave new value to or for the benefit of Plaintiff, which value was not secured by an otherwise unavoidable security interest and did not cause Plaintiff to make an otherwise unavoidable transfer to Defendant.

## FIFTH DEFENSE

The alleged transfer should not be avoided in the interest of equity.

## SIXTH DEFENSE

Defendant hereby expressly reserves the right to any and all other defenses revealed by discovery in this Adversary Proceeding or any further investigation by Defendant.

WHEREFORE, Defendant respectfully requests that the Court:

(a) Deny Plaintiff's request for relief;
(b) Dismiss the Adversary Proceeding;
(c) Cast costs against Plaintiff;
(d) Award any other and further relief that the Court deems just.

Respectfully submitted this 2nd Day of May, 2014.

/S/ Karl E. Osmus
Karl E. Osmus
Attorney for Defendant
Ga. Bar No. 555129
1010 Williams Street
Valdosta, GA 31601
(229) 257-0080
karlosmus@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

IN RE:                                              :
ALPHA PROTECTIVE SERVICES, INC.,                    :   Case No. 12-70482
          Debtor.                                   :   Chapter 7
                                                    :

---

NEIL C. GORDON, as Trustee in Bankruptcy            :
for Alpha Protective Services, Inc.,                :
          Plaintiff,                                :
v.                                                  :   Adversary Proceeding
                                                    :   No. 14-07017
AMERICAN PAWN SHOP, INC., as an                     :
Initial Transferee or as Immediate Transferee;      :
ALPHA CONSULTING ENGINEERS, LLC,                    :
f/k/a ALPHA CONSTRUCTION &                          :
ENGINEERING, LLC f/k/a APS-AEC, LLC,                :
as Initial Transferee or as conduit to              :
America Pawn Shop, Inc.,                            :
          Defendants.                               :

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT (AMERICAN PAWN SHOP, INC.)

TO:   AMERICAN PAWN SHOP, INC.

You are hereby requested, pursuant to applicable rules of the Court to produce the following documents:

(1) all documents which could be construed as statements or other memoranda signed by any fact witness, whether prepared and signed by him or prepared for him and signed by him, except for such memoranda or statements prepared by party responding to this Request to Produce for that parties counsel;

(2) all documents which constitute statements or memoranda done or signed (or otherwise ratified) by the party making this request whether such was prepared and signed by that party or prepared for that party and signed by that party, or otherwise created by ratified;

(3) all documents or tangible things referred to, or which should have been referenced, in response to interrogatories served before these requests, with these requests, or after these requests;

(4) all documents or tangible things which are mentioned in the responding party's answer or if not mentioned which support any fact contention made in the reporting party's answer to date or hereinafter filed;

(5) all documents or tangible things which support any contention the responding party makes in this adversary proceeding, whether mentioned in the pleadings or not;

(6) all documents, to the extent not anticipated by the foregoing document request, which describe the course of dealings between the Debtor and Respondent between April 12, 2012 and April 2, 2010.  Please include in your response (at a minimum) the following items: evidence of receipts of payment or transfers in lieu of payment (inventory returns, for example), evidence of charges (such as invoices); statements of account; payment history documents showing dates of invoices as compared to dates of payment.

(7) please supply copies of all related documents (such as emails, correspondence, copies of recordings of telephone calls, and other memoranda of conversations among the management and employees of the Respondent, and between the management and employees of the Respondent and the Debtor);

(8) all documents, if not provided in response in the preceding request, which provide information concerning the ownership of Respondent (or if a sole proprietorship, what Respondent is) and identify the employees are of this Respondent who were involved in the business relationship between the Respondent and the Debtor;

(9) all documents that describe or inform any relationship between and among the Debtor, the Debtor's shareholders and employees, and any of the shareholders and employees of the Respondent (or the Respondent if an individual), such as would be probative on whether or not the Respondent is an insider.

(10) any document which relates to any website Respondent has had since April 2, 2010.

**NOTE A**: Whenever the term "document" is used it includes, without limitation, (a) memoranda or records of any sort, whether recorded on paper, on microfilm, on magnetic or digital media ("electronically stored information") as defined by Fed.R.Civ.Pro. 34), or on audio or video tape, and (b) copies, whether secondary or tertiary, as well as originals.  Furthermore, whenever the term "document", as herein defined, is one which is presently stored on magnetic or digital media (consisting of electronically stored information), the witness is requested to produce their electronically stored information in electronic format, but in a format that may be read by readily available software (such as Word (.docx), Notepad (.txt), Adobe (.pdf), Outlook (.pst), or Microsoft Media (.mpg)).  If this is not possible a paper copy is requested.  The original format should be identified. Access to the original storage device is not required.  However, if electronically stored information is available as an archive or backup, it is requested to be restored and provided.

**NOTE B**: Whenever a document or other tangible thing is requested for production, it is requested for production whether it is in your possession, or in the possession of any of your agents or employees, or bailed with any person in such a manner as you have reasonable control of the bailment and can obtain the document or thing for production.

**NOTE C**: This request for production is continuing in nature and if you obtain any supplemental document or thing requested for production, between the time

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| IN RE: | : |
| ALPHA PROTECTIVE SERVICES, INC., | : Case No. 12-70482 |
| Debtor. | : Chapter 7 |

| | |
|---|---|
| NEIL C. GORDON, as Trustee in Bankruptcy | : |
| for Alpha Protective Services, Inc., | : |
| Plaintiff, | : |
| v. | : Adversary Proceeding |
| | : No. 14-07017 |
| AMERICAN PAWN SHOP, INC., as an | : |
| Initial Transferee or as Immediate Transferee; | : |
| ALPHA CONSULTING ENGINEERS, LLC, | : |
| f/k/a ALPHA CONSTRUCTION & | : |
| ENGINEERING, LLC f/k/a APS-AEC, LLC, | : |
| as Initial Transferee or as conduit to | : |
| America Pawn Shop, Inc., | : |
| Defendants. | : |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW **Neil C. Gordon, Chapter 7 Trustee for the Estate of Alpha Protective Services, Inc.**, Plaintiff, and files these Interrogatories addressed to **American Pawn Shop, Inc.**, ("Defendant" or "Respondent"), through counsel, and requires these Interrogatories to be answered according to law.

NOTE A.   Whenever used in these Interrogatories, the term plaintiff, or any synonym thereof, shall be taken to mean any agent, officer, employee, attorney, investigator, or any other person who has or may have obtained information on behalf of plaintiff.

NOTE B.   These Interrogatories are continuing in nature and if you obtain any supplemental information asked by these Interrogatories between the time the Answers are filed and the time of trial, you shall immediately supplement the Answers to the Interrogatories and serve a copy of same on defendant's counsel.

NOTE C.   If any Interrogatory cannot be answered completely, it should be answered to the extent possible.



EXHIBIT
4 71